**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ELITE AUTOS LLC**                                                                                       **PLAINTIFF**

v.                                      Case No. 3:19-cv-00361-LPR

**SPARKS MOTORS LLC**                                                                           **DEFENDANT**

## ORDER

This dispute centers around a transaction for a custom 2019 Ford-F550 Lariat 6x6 truck. Plaintiff Elite Autos alleges a number of claims against Defendant Sparks Motors regarding this truck. But before the Court can address any of those claims, the Court must first determine whether it has personal jurisdiction over Sparks Motors. Sparks Motors says no and seeks dismissal on that ground. (Doc. 18) To help with the jurisdictional determination, the Court directs the parties to address the following questions:

1. How did the truck get to Arkansas in the first place? Did the Defendant or its agent transport the truck to Arkansas? Did the Defendant or its agent arrange for a third-party transport to Arkansas? Did the Plaintiff or its agent travel to Utah to get the truck? Did the Plaintiff or its agent arrange for a third-party transport to Arkansas? Does the written invoice, being referred to as the Contract, say when delivery is deemed to have occurred – was it upon the truck leaving Sparks Motors or upon the truck arriving at Elite Autos?

2. How did Shelby Smith come to understand that "Sparks Motors would at Elite's option either (1) repair all nonconformities to Elite's satisfaction and return the Truck to Elite in Arkansas; or (2) fully refund Elite's purchase money and related expense?" (Doc. 17-1 ¶ 24) Was Shelby Smith told this by Sparks Motors or its agent? If so, was this conversation with Mr. Sparks over

2

the phone, with someone else in Utah over the phone, or with Budy Austin[1] when he was picking up the truck in Arkansas?

If the parties can stipulate to the facts that answer these questions, they should provide a joint stipulation on or before June 12, 2020. If the parties cannot stipulate to the facts that answer these questions, the Court directs each party to provide a supplemental affidavit or declaration from a fact witness that can provide these factual answers.

IT IS SO ORDERED this 29th day of May 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] The Shelby Smith declaration refers to this person as Budy Austin. (Doc 17-1) The Court is not sure if the person's first name is actually spelled "Budy," or if it is "Buddy."